*James Tillinghast & John D. Thurston,* for defendant.

---

# WASHINGTON COUNTY.

———◆——

## JOHN T. PARKER *vs.* PETER P. PALMER.

A writ of replevin omitted the words "original writ" from the clause "provided the same is not taken, attached, or detained upon original writ, mesne process, warrant of distress, or upon execution as the property of the said ——" in the form prescribed by Gen. Stat. R. I. cap. 195, § 16.

*Held,* that the writ was fatally defective.

*Held,* further, that the plaintiff should be allowed to amend on proper terms.

An officer's return is evidence of the facts stated in it only so far as the return is responsive to the writ.

Hence when to a writ of replevin an officer made return that he found the goods in the town of H.:

*Held,* that the return was not evidence that the goods were found in the town of H.

In replevin a plaintiff after demand is not obliged to delay serving his writ that the defendant may satisfy himself that the demand is rightfully made.

A chattel mortgage is recorded under Gen. Stat. R. I. cap. 165, § 9, when it is left for record in the proper office.

EXCEPTIONS to the Court of Common Pleas.

This action was replevin, brought before the Justice Court of the town of Hopkinton and carried by the defendant's appeal to the Court of Common Pleas. The defendant moved to dismiss the case, and after verdict against him also moved an arrest of judgment because, as stated in the last motion and in the third specification of the first motion, in the writ and declaration the

words "original writ" were omitted after the words "provided the same is not taken, attached, or detained upon," and before the words "mesne process, warrant of distress, or upon execution as the property of said John T. Parker:" the form of replevin writs being prescribed by Gen. Stat. R. I. cap. 195, § 16, and containing the words "original writ" in the place above specified. These motions were refused by the presiding justice, and the defendant excepted.

The writ of replevin was as follows:

[L. S.] "State of Rhode Island and Providence Plantations.

"Washington, Sc. To the sheriff of our said county, and to his deputies, or to either of the town sergeants or constables, greeting: We command you, that you replevy, if to be found within your precinct, the goods and chattels following, viz.: One bay mare, ten years old, about fifteen hands high, black points, of the value of ninety dollars, belonging to John T. Parker, of West Greenwich, in the county of Kent, now taken, detained, or attached by Peter P. Palmer, alias John Doe, of Hopkinton, in said county of Washington, at said Hopkinton, in the county of Washington, and her deliver unto the said John T. Parker, provided the same is not taken, attached, or detained upon mesne process, warrant of distress, or upon execution as the property of said John T. Parker. And summon said Peter P. Palmer that he appear before the Justice Court to be holden at the office of George H. Olney, at Hopkinton, within the county of Washington, on the 11th day of February, 1878, to answer unto the said John T. Parker in a plea of replevin; that the said Peter P. Palmer on the second day of January, 1878, at said Hopkinton, unlawfully and without justifiable cause took the goods and chattels of the said John T. Parker as aforesaid, and them unlawfully detained unto this day, to the damage of the said John T. Parker (as he says) one hundred dollars.

"Hereof fail not, and make true return of this writ, with your doings thereon, together with the bond you shall take of the plaintiff.

"Witness my hand at Hopkinton this 8th day of January, in the year 1878.            N. L. RICHMOND, *Trial Justice.*"

To this writ the sheriff made return, as follows:

" Washington, Sc.    HOPKINTON, R. I., Jan. 8, A. D. 1878.

" I have this day replevied the within described goods and chattels, and delivered the same to the within named John T. Parker, and have here the bond of the said John T. Parker.

" I have also on the 8th day of January, A. D. 1878, summoned the within named Peter P. Palmer, by reading the within writ to him in his presence and hearing personally.

" The within named goods and chattels I found in the possession of the within named Peter P. Palmer, in the town of Hopkinton, in said county.           D. R. KENYON, *Constable.*"

The bill of exceptions shows that the defendant, at the trial before a jury in the Court of Common Pleas, made twelve requests to the presiding justice for instructions to the jury. Of these the following are noticed in the opinion of the court :

"*First.* The plaintiff must not only allege that the property was taken, attached, or detained in the town of Hopkinton ; but he must also prove that such was the fact, else the defendant is entitled to a verdict ; and upon this question the officer's return is not sufficient. There must be evidence outside of said return."

Refused, and exception taken.

"*Second.* Although one in possession of the property of another must surrender it on the demand of the owner, if he does not know the applicant to be the owner he has a right to reasonable proof of the fact."

Refused, and exception taken.

"*Fourth.* If Tillinghast, while in the rightful possession of the mare, traded the same with Tanner, who received it in good faith, and afterwards sold the same to the defendant, who purchased in good faith, then this action cannot be maintained by the plaintiff without evidence of a demand and refusal, or of acts amounting to a conversion."

Refused, on the ground that as a demand was made and there was no delivery, that amounted to a refusal. Exception taken.

"*Fifth.* That the officer's return that he found the property in the possession of the defendant, in the town of Hopkinton, in said county, is not conclusive evidence of the fact."

Refused, and exception taken.

"*Eighth.* That the defendant had at least a right of redemption, and so a right to see the mortgage and to know how much was due upon it."

Refused, and exception taken.

"*Eleventh.* That the Rhode Island statute as to registering personal property mortgages differs from those of other States, in that it does not provide that leaving for record shall have the same effect as recording, but simply provides that if recorded it shall be valid, notwithstanding possession is not delivered, and so it is necessary under our statute that a mortgage of personal property which remains in the possession of the mortgagor should be actually recorded in order to be valid as a *bonâ fide* purchaser or a creditor."

Refused, and exception taken.

Gen. Stat. R. I. cap. 165, § 9, provides:

"No mortgage of personal property hereafter made shall be valid against any other person than the parties thereto, unless possession of the mortgaged property be delivered to and retained by the mortgagee; or unless the said mortgage be recorded in the office of the clerk of the town where the mortgagor shall reside, if in this State, and if not, where the property is at the time of making the same: *Provided,* that nothing herein contained shall affect any transfer of property under bottomry or respondentia bonds, or of any ship or goods at sea or abroad, if the mortgagee shall take possession thereof as soon as may be after the arrival of the same in this State."

*Providence, July* 12, 1881. PER CURIAM. We think the writ without amendment is fatally defective for want of the allegations indicated in the third specification of the defendant's motion to dismiss and in his motion in arrest of judgment. The first and last exceptions are therefore sustained. We think, however, that the plaintiff ought to have leave to amend, if he asks for it, on terms.

We think an officer's return is evidence of facts stated in it in so far, and only in so far, as it is responsive to the precept. The return is not responsive to the precept in our opinion in its statement that the property replevied was found in the town of Hopkinton. The exceptions therefore for refusals to charge according to the first and fifth requests are sustained.

However the rule may be in trover, where the gist of the action is tortious conversion, we think that in replevin the plaintiff, after demanding the property of the defendant, is not obliged to give the defendant opportunity to satisfy himself of the rightfulness of the demand before suit; but that, being entitled to immediate possession of the property, he may immediately replevy it, if the demand is not complied with. Exceptions for refusal to charge according to the second, fourth, and eighth requests are therefore overruled.

We think that a chattel mortgage is to be regarded as recorded within the meaning of Gen. Stat. R. I. cap. 165, § 9 (providing that the mortgage, without delivery of the mortgaged property, shall not be valid against any person but the parties to it unless the mortgage be recorded), when it is lodged for record with the proper recording officer at his office. 1 Jones on Mortgages, § 542. The exception for refusal to charge according to the eleventh request is therefore overruled. We wish to add, however, that in our opinion such a mortgage cannot be deemed to be either recorded or lodged for record when it is merely left with the recording officer with instructions not to record it, or not to record it until notified to do so.

The other exceptions are overruled. The judgment of the Court of Common Pleas is set aside, and the case remanded for new trial or further proceeding. *Exceptions sustained.*